```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------
JI HYE CHOI,
                        Plaintiff,           24-cv-6526 (JGK)

        - against -                          ORDER

YEOUNG SOO KIM,
                        Defendant.
------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

On March 4, 2025, the plaintiff submitted documents showing that the plaintiff sent the summons, but not the complaint, to the defendant at the defendant's address in the Republic of Korea via Korea Post. ECF No. 16. The documents submitted by the plaintiff show that the defendant received the summons via Korea Post on February 25, 2025. Id.

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." Water Splash, Inc. v. Menon, 581 U.S. 271, 137 (2017).

The plaintiff's service attempt was deficient for at least two reasons. First, pursuant to Rule 4(c)(1), "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Second, although "[t]he Republic of Korea is a state party to the Hague Convention," the Republic of Korea "objected pursuant to Article 10 of the Hague Convention to," among other provisions, "the freedom to send judicial documents, by postal channels,

directly to persons abroad." Sharp v. Shinhan Bank Co., Ltd., No. 21-cv-9197, 2022 WL 22339345, at *3 (C.D. Cal. Apr. 1, 2022). Accordingly, to effect properly "service in [t]he Republic of Korea under the Hague Convention, a plaintiff must serve a translated version" of the summons and complaint on the defendant "through South Korea's designated Central Authority." See id.

On January 27, 2025, this Court extended the time to effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure until March 6, 2025. ECF No. 15. However, the 90-day time limit set forth in Rule 4(m) does not apply to service in a foreign country. See USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005). Therefore, a district court must, in its discretion, permit a reasonable time to serve a defendant in a foreign country. See Nagy v. Dwyer, 507 F.3d 161, 163 (2d Cir. 2007).

Accordingly, the time to effect service on the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure is **extended without date**. This case may be dismissed without prejudice if the plaintiff fails to effect properly service on the defendant within a reasonable time.

**SO ORDERED.**
**Dated: New York, New York**
     **March 7, 2025**

                                        /s/ John G. Koeltl
                                     _____
                                         John G. Koeltl
                                  **United States District Judge**