```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JI HYE CHOI,<br><br>                    Plaintiff,<br><br>          -against-<br><br>YEOUNG SOO KIM,<br><br>                    Defendant. | 24-cv-6526 (JGK)<br><br>ORDER |

**JOHN G. KOELTL**, District Judge:

On August 16, 2024, the plaintiff filed the complaint. ECF No. 1. On March 7, 2025, the defendant moved to dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 18. For the following reasons, the defendant's motion to dismiss is **denied**.

I.

Only a few undisputed facts are relevant to this motion. Both parties reside in the Republic of Korea. The plaintiff sent the summons, but not the complaint, via Korea Post's registered mail service to the defendant at the defendant's address in the Republic of Korea. ECF No. 16. The defendant received the summons via registered mail on February 25, 2025. Id.

On March 7, 2025, the Court determined that "[t]he plaintiff's service attempt was deficient for at least two reasons." ECF No. 17. First, the summons was not served with a copy of the complaint, as required by Rule 4(c)(1). Id. Second,

the plaintiff had failed to effect service in accordance with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"). Id.

Noting, however, that a district court must permit a reasonable time to serve a defendant in a foreign country, the March 7, 2025 Order extended the time to effect proper service on the defendant without date. Id. Later that same day, the defendant filed the motion to dismiss. ECF No. 18.

## II.

Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process. Fed R. Civ. P. 12(b)(5). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." DeLuca v. AccessIT Grp., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).[1] When a defendant moves to dismiss on this ground, "the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010). "[M]aterials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under

---

[1] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Rule 12(b)(5), into a motion for summary judgment." <u>Nesbeth v. N.Y.C. Mgmt. LLC</u>, No. 17-cv-8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019).

### III.

The defendant argues for dismissal, contending that registered mail is not a proper method of service pursuant to Federal Rule of Civil Procedure 4(f). ECF No. 18. The plaintiff opposes, arguing that the Hague Service Convention does not apply because both parties reside in the Republic of Korea. ECF No. 21. Alternatively, the plaintiff contends that service of process by registered mail complied with the requirements of Rule 4(f)(3). <u>Id.</u> Each argument is addressed in turn.

### A.

The defendant's argument that the plaintiff's effort to effect service was insufficient is premature. Because the Court extended the time to effect proper service on the defendant without date, ECF No. 17, the plaintiff's time to serve the defendant has not yet expired. Accordingly, Rule 12(b)(5) does not require dismissal of the plaintiff's complaint. <u>See</u> <u>DeLuca</u>, 695 F. Supp. 2d at 67 (granting the plaintiff "leave to re-serve the summons along with the complaint"). The defendant's motion is therefore **denied.**

B.

The defendant is correct, however, that the plaintiff's attempt to serve the plaintiff by registered mail was defective. As the Court noted in the March 7, 2025 Order, Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). There is no indication that the plaintiff served the summons with a copy of the complaint. See ECF No. 16.

Moreover, the plaintiff failed to effect proper service pursuant to Rule 4(f). Under Rule 4(f)(1), "[c]ompliance with the Hague Service Convention is mandatory when serving a defendant who resides in a foreign country that is a signatory to the convention." SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda., 427 F. Supp. 3d 497, 500 (S.D.N.Y. 2019). "The Republic of Korea is a state party to the Hague [Service] Convention." Sharp v. Shinhan Bank Co., No. 21-cv-9197, 2022 WL 22339345, at *2 (C.D. Cal. Apr. 1, 2022).

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." Water Splash, Inc. v. Menon, 581 U.S. 271, 137 (2017). The Republic of Korea has "objected pursuant to Article 10 of the

4

Hague [Service] Convention to," among other provisions, "the freedom to send judicial documents, by postal channels, directly to persons abroad." Sharp, 2022 WL 22339345, at *2. Accordingly, to effect proper "service in [t]he Republic of Korea under the Hague [Service] Convention, a plaintiff must serve a translated version" of the summons and complaint on the defendant "through South Korea's designated Central Authority." See id.

It is undisputed that the plaintiff failed to follow these prescribed procedures. Thus, the service attempt on February 25, 2025 was insufficient.

### 1.

The plaintiff argues that the Hague Service Convention does not apply because both parties reside abroad, in the Republic of Korea. But Article 1 of the Hague Service Convention, in defining its scope, provides: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T., at 362. In interpreting Article 1, the Supreme Court determined that "the Hague Service Convention applies" when the law of the forum "defines the applicable method of serving process as requiring the transmittal of documents abroad." See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 701 (1988).

In Volkswagenwerk, the applicable law of the forum was "the internal law of the forum state" because the defendant had been sued in an Illinois state court. Id. at 696, 701. Because this case was brought in federal court, Rule 4 applies. See DeLuca, 695 F. Supp. 2d at 64. And under Rule 4(f)(1), "[c]ompliance with the Hague Service Convention is mandatory when serving a defendant who resides in a foreign country that is a signatory to the convention." SeaCube Containers, 427 F. Supp. 3d at 500. The plaintiff's first argument is therefore without merit.

### 2.

The plaintiff also argues that service by registered mail was sufficient under Rule 4(f)(3). Pursuant to Rule 4(f)(3), courts may direct service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Moreover, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Rio

6

Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).[2]

Under Rule 4(f)(3), courts have permitted service on persons located in the Republic of Korea by alternative means. See, e.g., Aquavit Pharms. v. U-Bio Med, Inc., No. 19-cv-3351, 2022 WL 16631094, at *3-4 (S.D.N.Y. Nov. 2, 2022) (by mail or by email); Nexon Korea Corp. v. Ironmace Co., No. c23-576, 2023 WL 3599548, at *3-4 (by email to United States counsel, email to the CEO and managing director, and by direct message to social media accounts). However, a plaintiff "must obtain prior court approval for the alternative method of serving process." Brockmeyer v. May, 383 F.3d 798, 806 (9th Cir. 2004).

In this case, the plaintiff has not obtained such court approval. Thus, the February 25, 2025 service attempt did not constitute proper service under Rule 4(f)(3). See, e.g.,

---

[2] The Second Circuit Court of Appeals has yet to address the proper interpretation of Rule 4(f). In the absence of binding authority, courts in this District have mostly adopted the Ninth Circuit Court of Appeals's interpretation of Rule 4(f) and held that Rule 4(f) imposes no hierarchy among the its subsections. Doe v. Hyassat, 342 F.R.D. 53, 58 (S.D.N.Y. 2022) (collecting cases). But see RSM Production Corp. v. Fridman, No. 6-cv-11512, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (stating that "[c]ourt-directed service pursuant to Rule 4(f)(3) may be justified under certain circumstances . . . such as when Hague Service Convention methods do not permit service within the time required by the circumstances").

Catalyst Lifestyle Ltd. v. Elago Co., No. 22-cv-536, 2022 WL 16951656, at *3 (S.D. Cal. Nov. 15, 2022).

The plaintiff, however, remains able to move for an order directing service pursuant to Rule 4(f)(3) by means not prohibited by international agreement. If the plaintiff moves for such an order, the plaintiff must explain why service should not be made pursuant to the Hague Service Convention.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **denied**.

The plaintiff remains obligated to effect proper service pursuant to Rule 4. "This case may be dismissed without prejudice if the plaintiff fails to effect properly service on the defendant within a reasonable time." ECF No. 17.

The Clerk is directed to close ECF No. 18.

SO ORDERED.

Dated:   New York, New York
         May 1, 2025

John G. Koeltl
United States District Judge