```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JI HYE CHOI,<br><br>                    Plaintiff,<br><br>          -against-<br><br>YEOUNG SOO KIM,<br><br>                    Defendant. | 24-cv-6526 (JGK)<br><br>ORDER |

JOHN G. KOELTL, District Judge:

On May 1, 2025, the Court found the plaintiff's initial attempt at service insufficient for failing to comply with the Hague Service Convention (the "Convention"). See ECF No. 26 (the "May 1, 2025 Order"). However, in the May 1, 2025 Order, the Court noted that courts have permitted service pursuant to Federal Rule of Civil Procedure 4(f)(3) by "means not prohibited by international agreement," and that the plaintiff could seek an order directing service by alternative means if the plaintiff could "explain why service should not be made pursuant to the Hague Service Convention." Id. at 7-8. The plaintiff has now moved for an order authorizing alternative service pursuant to Rule 4(f)(3). See ECF No. 31.

Rule 4(f)(3) permits the Court to "fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." In re One Apus Container Ship Incident on Nov. 30,

2022, No. 22-md-3028, 2022 WL 17370122, at *1 (S.D.N.Y. Dec. 2, 2022) (internal citation omitted).

The plaintiff seeks authorization to serve the defendant by (i) emailing the summons and complaint to the defendant's known email address, and (ii) sending the summons and complaint via registered mail to the defendant's known address in South Korea. Id. at 3.

The plaintiff has shown that alternative service is necessary. The plaintiff argues—and the Court agrees—that, because service pursuant to the Hague Service Convention involves processes that can result in months-long delays and are particularly burdensome for pro se litigants like the plaintiff, alternative service is necessary in this case to enable the plaintiff to cure the prior defects in service within a reasonable time.

The plaintiff's first proposed method of alternative service—emailing the summons and complaint to the defendant's known email address—is not prohibited by international agreement. Although South Korea has objected to Article 10 of the Convention, which provides for "the freedom to send judicial documents by postal channels, directly to persons abroad," courts have concluded that an objection to Article 10 does not prohibit service by electronic communication, because "when

2

sending service of process by email, there is no service by postal channels." Nexon Korea Corp. v. Ironmace Co. Ltd., No. 23-cv-576, 2023 WL 3599548, at *2 (W.D. Wash. May 23, 2023) (internal citation omitted); see also, e.g., Birmingham v. Doe, 593 F. Supp. 3d 1151, 1158-60 (S.D. Fla. 2022). Therefore, service by email on an individual in South Korea is not prohibited by the Convention.

However, the plaintiff's second proposed method of alternative service—mailing the summons and complaint to the defendant's address in South Korea—is prohibited by international agreement. As explained above, South Korea has objected to Article 10 of the Convention, which means that service by mail to individuals located in South Korea is prohibited. See, e.g., Monagas v. Samsung Electronics America, Inc., No. 13-cv-927, 2013 WL 5970977, at *2 (D. Conn. Nov. 8, 2013).

Nevertheless, the Court authorizes the plaintiff's request for alternative service by email because that method of service is not prohibited by international agreement and is reasonably calculated to provide notice to the defendant. On March 7, 2025, the defendant filed a motion to dismiss for insufficient service of process and listed his email address on that filing. See ECF No. 18. Accordingly, the defendant is already on actual notice

of this action and indeed has been participating in the litigation.

For the foregoing reasons, the plaintiff's request pursuant to Rule 4(f)(3) to serve the summons and complaint on the defendant by email is **granted**.

**SO ORDERED.**

Dated: New York, New York
       July 7, 2025

_____
John G. Koeltl
**United States District Judge**