```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
JI HYE CHOI,
                    Plaintiff,          24-cv-6526 (JGK)

          - against -                   MEMORANDUM OPINION
                                        AND ORDER
YEOUNG SOO KIM,
                    Defendant.
---------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The defendant has moved for reconsideration of the Court's July 7, 2025, Order (the "Order"), ECF No. 32, authorizing the plaintiff's request for alternative service on the defendant by email. Def.'s Mot. for Reconsideration ("Def.'s Mot."), ECF No. 33. The defendant asserts as the principal basis for reconsideration that the Order relied on a fraudulently filed document that "purport[ed] to be Defendant's consent to electronic service". Id. at 3. The plaintiff opposes the defendant's motion and also moves to strike various statements in the motion pursuant to Federal Rule of Civil Procedure 12(f). Pls.' Reply in Opp. to Def.'s Mot. for Reconsideration and Mot. to Strike ("Pls.' Mot."), ECF No. 36, at 1-3. For the reasons that follow, both the defendant's motion for reconsideration and the plaintiff's motion to strike are **denied.**

**I.**

On August 1, 2024, the plaintiff filed a complaint against the defendant alleging trademark infringement. Compl. at 5-6,

ECF No. 1. So began a series of efforts to effectuate service of process, complicated by the fact that both parties reside in Korea. See Choi v. Kim, No. 24-cv-6526, 2025 WL 1267712, at *1 (S.D.N.Y. May 1, 2025) ("Choi I"). On March 7, 2025, the Court determined that the plaintiff's initial attempt at service was deficient because the summons was not served with a copy of the complaint, as required by Federal Rule of Civil Procedure 4(c)(1) and because the plaintiff's service by mail was not in accordance with the Convention on Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638. ECF No. 17. That order also extended the time for the plaintiff to serve the defendant. Id. at 2. On that same day, the defendant moved to dismiss for insufficient service of process pursuant to Rule 12(b)(5). ECF No. 18. On May 1, 2025, the Court denied the defendant's motion because, although the plaintiff's initial attempt at service was insufficient, the plaintiff "remain[ed] able to move for an order directing service pursuant to Rule 4(f)(3) by means not prohibited by international agreement." See Choi I, 2025 WL 1267712, at *3. The plaintiff then moved for such an order. ECF No. 31. The Court granted the motion and authorized service by email, finding that email as a manner of service was (1) necessary to avoid lengthy and burdensome procedures under the Hague

2

Convention, (2) not prohibited by international agreement, and (3) reasonably calculated to provide notice to the defendant. ECF No. 32, at 2-3. The defendant subsequently moved for reconsideration of that Order. ECF No. 33. In her opposition brief, the plaintiff moved to strike language in the defendant's motion for reconsideration. See ECF No. 36, at 1-3.

**II.**

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the

3

"decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." <u>Vincent v. The Money Store</u>, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

As the primary basis for his motion for reconsideration, the defendant contends that a document consenting to electronic service was fraudulently filed in his name as ECF No. 2 on August 16, 2024. Def.'s Mot. 2. That is not the case. The document about which the defendant complains shows that <u>the plaintiff</u> consented to electronic service in her own name - and only her own name. <u>See</u> ECF No. 2. Thus, the defendant's fraud allegations provide no basis for reconsideration of the Court's Order.

The defendant separately argues that the Court's Order authorizing service by email contravenes the Hague Convention because email is a means prohibited by international agreement. <u>See</u> Def.'s Mot. 4. The Order disposed of this issue. While Korea has objected to service "by postal channels" under Article 10(a) of the Convention, courts have authorized service by email to parties located in Korea, because email does not make use of postal channels. Order at 2-3(citing <u>Nexon Korea Corp. v. Ironmace Co. Ltd.</u>, No. 23-cv-576, 2023 WL 3599548, at *2 (W.D. Wash. May 23, 2023) and <u>Birmingham v. Doe</u>, 593 F. Supp. 3d 1151, 1158-60 (S.D. Fla. 2022)). In arguing for reconsideration, the

4

defendant has failed to respond to these cases with "controlling decisions or data that the court [had] overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." In re Beacon, 818 F. Supp. 2d at 702.

The defendant further argues that a court may only authorize alternative service pursuant to Rule 4(f)(3) "after traditional methods prove inadequate." Def.'s Mot. 6. However, as the majority of courts in this District have held, "Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant and is neither a last resort nor extraordinary relief." Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 512 (S.D.N.Y. 2013). "Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." Id. (citing Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)).[1]

Finally, the defendant argues that due process requires that a defendant consent to service by email. See Def.'s Mot. 4-5. However, a defendant need not consent to service methods

---

[1] The Second Circuit Court of Appeals has yet to address the proper interpretation of Rule 4(f). In the absence of binding authority, courts in this District have generally adopted the Ninth Circuit Court of Appeals' interpretation of Rule 4(f) and held that Rule 4(f) imposes no hierarchy among its subsections. Doe v. Hyassat, 342 F.R.D. 53, 58 (S.D.N.Y. 2022)(collecting cases).

imposed by court order pursuant to Rule 4(f)(3). See Rio Properties, 284 F.3d at 1016-19 (affirming court-ordered service of process by email as "constitutionally acceptable" despite the defendant's opposition).

In any event, the Order authorizing service by email does not amount to a determination that there has been sufficient service of process, nor that the defendant is subject to the personal jurisdiction of the Court. See 4B Wright & Miller Fed. Prac. & Proc. Civ. § 1133 (4th ed.) ("Rule 4(f) itself speaks only to the manner of service and not to whether a particular defendant is amenable to suit — authority for the assertion of extraterritorial personal jurisdiction has to be found elsewhere.") The Court has only concluded that emails directed to the address provided by the defendant in his own Motion to Dismiss, see ECF No. 18, will "apprise [the defendant] of the pendency of the action and afford [him] an opportunity to present [his] objections," Mullane v. Ctr. Hanover Bank & Trust Co., 339 U.S. 306, 313-14 (1950), such that there is little reason to believe that such service would not "comport with constitutional notions of due process," In re One Apus Container Ship Incident on Nov. 30, 2022, No. 22-md-3028, 2022 WL 17370122, at *1 (S.D.N.Y. Dec. 2, 2022).

Reconsideration is an extraordinary remedy, and the defendant has not raised any facts or arguments that warrant

6

reconsideration of the Court's Order. Accordingly, the defendant's motion for reconsideration is **denied**.

### III.

The plaintiff moves to strike all allegations of fraud in the defendant's motion for reconsideration. ECF No. 36, at 2-3. The plaintiff argues that because these allegations of fraud are "irrelevant to any issue before the court," and are "baseless and prejudicial," they could "mislead" the Court if they are not struck from the record. Id. at 3.

The plaintiff correctly states the standard for a motion to strike pursuant to Federal Rule of Civil Procedure 12(f): "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "the plain language of that Rule relates to the striking of pleadings," Drew v. Chase Manhattan Bank, N.A., No. 95-cv-3133, 1998 WL 430549, at *4 (S.D.N.Y. July 30, 1998), not to motion papers. See also Sierra v. United States, No. 97-cv-9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying motion to strike language in a motion to dismiss because "Rule 12(f) does not authorize this court to strike documents other than pleadings.").[2]

---

[2] A "pleading" as used in Rule 12(f) includes: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party

7

It may be, construing the pro se defendant's filing broadly, that the plaintiff is asking the Court to exercise its "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." Penzo v. Consol. Edison Co. of New York, No. 19-cv-07478, 2024 WL 3824072, at *16 (S.D.N.Y. Aug. 15, 2024); see also Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc., No. 20-cv-9155, 2025 WL 35003 at *10 (S.D.N.Y. Jan. 6, 2025); Sierra, 1998 WL 599715, at *9. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Even where authorized by Rule 12(f) and not on the basis of a court's inherent powers, "courts do not lightly 'strike' materials from the public record because when parties seek the assistance of a Court, they are seeking the assistance of a public institution and the public has a right to understand the bases for actions by the Court." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, No. 11-cv-1503, 2011 WL 2119703, at *1 (S.D.N.Y. May 23, 2011).

The language that the plaintiff seeks to strike is neither irrelevant to the defendant's motion for reconsideration nor

---

complaint; and (7) if the court orders one, a reply to answer." See Fed. R. Civ. P. 7(a).

prejudicial to the plaintiff. The statements that the plaintiff seeks to strike will not prejudice the plaintiff's case on the merits. The plaintiff has successfully disproven the defendant's fraud allegation. Rinaldi v. Sylvester, No. 24-cv-272, 2025 WL 2682691, at *25 (S.D.N.Y. Sept. 19, 2025). Moreover, because the defendant's allegations of fraud upon the Court were easily disproven and confined to motion papers, there is no risk they will "influence prospective jury members." Id. The defendant's hasty accusation against the plaintiff was ill-advised, but it does not rise "to the level required for this Court to exercise its inherent authority to strike." Azzarmi, 2025 WL 35003, at *10.

    The plaintiff's motion to strike is therefore **denied.**

CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the defendant's motion for reconsideration is **denied,** and the plaintiff's motion to strike is **denied.**

The Clerk is respectfully requested to email a copy of this Order to the pro se defendant at kostarsale@gmail.com.

The Clerk is also requested to close ECF No. 33.

**SO ORDERED.**

Dated:    New York, New York
         November 11, 2025

_____
John G. Koeltl
United States District Judge

10